**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHIRE LLC et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 12-638 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| MYLAN INC. et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

      This matter comes before the Court on three motions: 1) the motion to transfer, pursuant to § 1404(a), by Defendants Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan"); 2) the cross-motion to consolidate by Plaintiffs Shire Development LLC and Shire LLC (collectively, "Shire"); and 3) the motion to dismiss the Amended Complaint for failure to state a valid claim for relief by Defendants Johnson Matthey Inc. and Johnson Matthey Pharmaceutical Materials (collectively, "JM"). For the reasons set forth below, the motion to transfer will be denied, the cross-motion to consolidate will be granted, and the motion to dismiss will be denied.

      Briefly, Mylan moves to transfer this case to the United States District Court for the Eastern District of New York where, Mylan contends, a first-filed case is pending. In that EDNY case, Civil Action No. 11-3414, on May 23, 2012, Judge Mauskopf ordered that case transferred to this Court, and closed that case.

      In this case, Mylan moves to transfer pursuant to 28 U.S.C. § 1404(a). That provision

states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).

Because the EDNY case has been transferred to this Court, this Court concludes that there is no longer any ground to find that the convenience of parties and witnesses or the interests of justice support granting the motion to transfer.  The motion will be denied.

Shire had cross-moved to consolidate this case with Civil Action No. 11-3781, Shire LLC et al. v. Amneal Pharmaceuticals, LLC.  In opposing the motion, Mylan stated that, if this Court should deny the motion to transfer, it would agree to consolidation.  The cross-motion to consolidate will be granted.

JM has moved to dismiss the Amended Complaint under Rule 12(b)(6) for failure to state a valid claim.  JM contends that the Amended Complaint asserts patent infringement claims against it under 35 U.S.C. § 271(e)(2), which makes the filing of an ANDA an act of infringement, but that the Amended Complaint does not allege that it filed an ANDA.  Shire, in response, argues that it asserts claims against JM for induced infringement and/or contributory infringement, and that JM induced or contributed to infringement by providing a written authorization to Mylan for Mylan to submit in support of its ANDA.  The Amended Complaint also states the belief that JM and Mylan have arranged that JM will supply Mylan with the active ingredient for the product that is the subject of the ANDA.

The parties first dispute whether 35 U.S.C. § 271(e)(2) allows a claim for induced infringement, and focus on the Federal Circuit's decision in Forest Labs., Inc. v. Ivax Pharms., Inc., 501 F.3d 1263, 1272 (Fed. Cir. 2007), which states: "Section 271(e)(2) may support an action for induced infringement." Shire thus contends that its claims against JM are actionable pursuant to Forest. In reply, JM distinguishes Forest on two grounds: 1) Forest involved an injunction against the accused inducer of infringement; and 2) Forest should be read narrowly to apply only to cases in which there has already been a judgment of patent infringement and validity against the ANDA applicant.

JM fails to persuade that these are valid grounds to distinguish Forest. The Federal Circuit's holding in Forest is quite clear: § 271(e)(2) may support an action for induced infringement. JM's attempt to make a distinction based on Forest's involving injunctive relief is unpersuasive since, in the instant case, the Amended Complaint seeks injunctive relief against JM. As to the argument that the holding of Forest requires there to have been a judgment of infringement against the ANDA applicant, this makes no sense: why would the Federal Circuit interpret § 271(e)(2) to include a requirement that, in ANDA cases with claims for inducing infringement, there must be an already-existing judgment of infringement against the ANDA filer in order to state a valid claim? JM points to neither a basis in the statutory language to support this position, nor any case law, nor any rationale.

As this Court sees it, the Federal Circuit has held that § 271(e)(2) may support an action for induced infringement. The Amended Complaint alleges that Mylan has infringed its patents under § 271(e)(2) by filing an ANDA. The Amended Complaint also alleges that JM participated in that process by providing a written authorization for Mylan to submit in support of

3

its ANDA. JM has not argued that the conduct alleged in the Amended Complaint fails to support a claim for inducing.[1] The Amended Complaint therefore states a valid claim for relief against JM on the theory that, by providing a written authorization to Mylan for Mylan to submit in support of its ANDA, JM induced the alleged act of infringement – filing an ANDA, pursuant to § 271(e)(2).

While the filing of an ANDA may be often called a "technical" act of infringement under § 271(e)(2), it is by statute an act of infringement, nonetheless. A party who engages in conduct which actively induces that act of infringement may be sued pursuant to § 271(b).

JM also argues that the conduct alleged is protected under the safe harbor provision of § 271(e)(1). This is an interesting argument but, nonetheless, it is precluded by Forest, in which the dissent advanced that argument and, evidently, the majority disagreed. 501 F.3d at 1272.

In bringing a motion to dismiss under Rule 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). JM has not shown that no claim against it has been presented, and the motion to dismiss will be denied.

For these reasons,

**IT IS** on this 7th day of June, 2012

**ORDERED** that JM's motion to dismiss the Amended Complaint (Docket Entry No. 38) is **DENIED**; and it is further

**ORDERED** that Mylan's motion to transfer (Docket Entry No. 25) is **DENIED**; and it is

---

[1] JM does not argue that the Amended Complaint fails to plead sufficient facts which, taken as true, would support finding every element of a claim for actively inducing infringement under § 271(b).

further

      **ORDERED** that Shire's cross-motion to consolidate (Docket Entry No. 39) is

**GRANTED**, and the parties shall confer and submit a proposed consolidation order.

                                        s/Stanley R. Chesler
                                   STANLEY R. CHESLER
                                   United States District Judge